UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA and      :
THE STATE OF WISCONSIN,           :
                                  :
            Plaintiffs,            :
                                  :  Civil Action No.
       v.                         :
                                  :
NORTHERN STATES POWER COMPANY,    :
                                  :
            Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

The United States of America ("the United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency, the United States Department of Commerce (acting through the National Oceanic and Atmospheric Administration), and the United States Department of the Interior (acting through the United States Fish and Wildlife Service); and the State of Wisconsin (the "State"), by authority of the Attorney General of Wisconsin and through the undersigned attorneys, acting at the request of the Governor of Wisconsin and on behalf of the Secretary of the Wisconsin Department of Natural Resources pursuant to Wis. Stat. § 165.25, file this complaint and allege as follows:

## STATEMENT OF THE CASE

1.      This is a civil action brought against Defendant Northern States Power Company, a Wisconsin Corporation ("Defendant") pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986

("CERCLA"). The United States and the State seek to recover certain unreimbursed costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from facilities at and near the Ashland/Northern States Power Lakefront Superfund Site in northwestern Wisconsin (hereinafter the "Site"). More specifically, the United States and the State seek to recover response costs associated with response activities relating to the uplands portion of the Site, including the Upper Bluff, Kreher Park, the filled ravine, and the Copper Falls aquifer (hereinafter the "Phase 1 Project Area"). The United States also seeks injunctive relief requiring that Defendant perform the selected remedy for the Phase 1 Project Area. The United States and the State also seek a judgment on liability for Phase 1 Project Area response costs that will be binding on any subsequent action or actions to recover further Phase 1 Project Area response costs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2). Finally, the United States and the State seek recovery of damages for injury to, loss of, or destruction of natural resources as a result of releases and threatened releases of hazardous substances into the environment at or from the Site, including the recovery of unreimbursed costs of assessing such damages, pursuant to CERCLA Section 107(a)(4)(C), 42 U.S.C. §§ 9607(a)(4)(C).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to CERCLA Section 113(b) and 113(e), 42 U.S.C. §§ 9613(b) and 9613(e), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c) because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

**GENERAL ALLEGATIONS**

4. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. Defendant is the current owner and operator of a portion of the Site and a portion of the Phase 1 Project Area. Defendant is the successor in liability to the former owner and operator of a manufactured gas plant that operated on a portion of the Site for several decades. The manufactured gas plant was a source of hazardous substances that contaminated the Site.

6. Defendant is (i) a person (or a successor to a person) who is the current owner and/or operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1); and (ii) a person (or a successor to a person) who at the time of disposal of a hazardous substance owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

7. The property owned and/or operated by Defendant is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

8. The Site is a "facility" and the Phase 1 Project Area is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

9. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the property owned and/or operated by Defendant and into the environment at and from the Phase 1 Project Area, within the meaning of CERCLA

Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).  More specifically, there have been "releases" and "threatened releases" of, among other hazardous substances, volatile organic compounds, such as benzene, and semivolatile organic compounds such as naphthalene which are "hazardous substances," within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

10. The United States and the State have incurred "response costs" relating to the Phase 1 Project Area – within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25) – in responding to releases and threatened releases of hazardous substances from the property owned and/or operated by Defendant, and in responding to releases and threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area.  The response costs incurred by the United States and the State include costs of performing and/or overseeing the ongoing Phase 1 Project Area remedial design work.

11. The above-described response costs relating to the Phase 1 Project Area were incurred by the United States and the State in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

12. "Natural Resources" within the meaning of CERCLA Section 101(16), 42 U.S.C. § 9601(16), have been and/or are being injured, lost, or destroyed as a result of the releases of hazardous substances from the Site.

13. EPA signed a Record of Decision ("ROD") on September 30, 2010 setting forth EPA's selected remedy for the Site.

## FIRST CLAIM FOR RELIEF
(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

14. Paragraphs 1-13 are realleged and incorporated herein by reference.

15. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), Defendant is liable to the United States for the following response costs incurred and to be incurred by the United States related to the Phase 1 Project Area, as well as enforcement costs and prejudgment interest on such costs: (i) all costs of performing and/or overseeing the ongoing Phase 1 Project Area remedial design work; and (ii) all future costs of any response actions that may be performed for the Phase 1 Project Area.

## SECOND CLAIM FOR RELIEF
(Cost Recovery by the State Under CERCLA Section 107, 42 U.S.C. § 9607)

16. Paragraphs 1-13 are realleged and incorporated herein by reference.

17. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), Defendant is liable to the State for the following response costs incurred and to be incurred by the State for the Phase 1 Project Area, as well as enforcement costs and prejudgment interest on such costs: (i) all costs of performing and/or overseeing the ongoing Phase 1 Project Area remedial design work; and (ii) all future costs of any response actions that may be performed for the Phase 1 Project Area.

## THIRD CLAIM FOR RELIEF
(Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

18. Paragraphs 1-13 are realleged and incorporated herein by reference.

19. The United States Environmental Protection Agency has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area.

20. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), Defendant is subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Phase 1 Project Area.

### FOURTH CLAIM FOR RELIEF
(Recovery of Natural Resource Damages under CERCLA Section 107, 42 U.S.C. § 9607)

21. Paragraphs 1-13 are realleged and incorporated herein by reference.

22. Pursuant to Section CERCLA Section 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), Defendant is liable to the United States and the State for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, resulting from a release of hazardous substances at or from the Site.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Wisconsin, respectfully request that this Court:

1. Enter judgment in favor of the United States and against the above-named Defendant for response costs incurred by the United States, including prejudgment interest, in connection with the above-described response actions relating to the Phase 1 Project Area;

2. Enter judgment in favor of the State and against the above-named Defendant for response costs incurred by the State, including prejudgment interest, in connection with the above-described response actions relating to the Phase 1 Project Area;

3. Order the above-named Defendant to abate the conditions at the Phase 1 Project Area that may present an imminent and substantial endangerment to the public health or welfare or the environment;

4. Enter judgment in favor of the United States and the State for all damages for

injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, at or from the Site;

5. Enter a declaratory judgment of liability against Defendant pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs for the Phase 1 Project Area;

6. Award the United States and the State their costs of this action; and

7. Grant such other and further relief as the Court deems just and proper.

**For the United States of America**

Date: 7/20/12

*/s/ Ignacia S. Moreno*
IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 7/30/12

*/s/ Thomas A. Benson*
THOMAS A. BENSON
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-5261


JOHN W. VAUDREUIL
United States Attorney

LESLIE K. HERJE
Assistant United States Attorney
Western District of Wisconsin
P.O. Box 1585
Madison, WI 53701-1585

7

For the State of Wisconsin

_____
CYNTHIA R. HIRSCH
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53702
(608) 266-3861

# CERTIFICATE OF SERVICE

Pursuant to Paragraph 121 of the Consent Decree lodged with the Court on this date, I hereby certify that copies of the foregoing Complaint were served on this date by email or by first-class mail, postage prepaid, upon the following individuals:

| | | | |
|---|---|---|---|
| *Defendant NSPW* | *Jerry Winslow*<br>Xcel Energy Services, Inc.,<br>on behalf of NSPW<br>414 Nicollet Mall, MP7<br>Minneapolis, MN 55401 | *Kristen Shults Carney*<br>Assistant General Counsel<br>Xcel Energy Services, Inc.,<br>on behalf of NSPW<br>1800 Larimer<br>11th Floor<br>Denver, CO 80202 | *Karl Karg*<br>*Kelly Richardson*<br>Latham & Watkins<br><br>*David Crass*<br>Michael Best |
| *State of Wisconsin* | *Attorney Kristin A. Hess*<br>Bureau of Legal Services<br>Wisconsin DNR<br>P.O. Box 7921<br>101 S. Webster Street<br>Madison, WI 53707-7921 | *Jamie Dunn*<br>WDNR Project Manager<br>810 West Maple Street<br>Spooner, WI 54801 | |
| *Bad River Tribe* | *Mike Wiggins Jr.*<br>Tribal Chairman<br>72682 Maple Street/PO Box 39<br>Odanah, WI 54861 | *Ervin Soulier*<br>*Cyrus Hester*<br>72682 Maple Street/PO Box 39<br>Odanah, WI 54861 | |
| *Red Cliff Tribe* | *Tribal Chairperson*<br>Red Cliff Band of Lake Superior Chippewa Indians<br>88385 Pike Road<br>Bayfield, Wisconsin 54814 | *Tribal Attorney*<br>Red Cliff Legal Department<br>88385 Pike Road<br>Bayfield, Wisconsin 54814 | |